## Case No. 13,440.

### STICKNEY v. BANK OF ILLINOIS.

[3 McLean, 181.] [1]

Circuit Court, D. Illinois. June Term, 1843.

BANKS—BILLS—ACTION TO RECOVER—PLEAS.

1. The Bank of Missouri having bills to the amount of one hundred thousand dollars of the Bank of Illinois, the latter bank agreed to draw drafts on New York for the amount, and leave its bills in the hands of a third party as collateral security, and also to place ten thousand dollars in addition in bills, to cover damages of protest. The bills were protested—and suit brought against the Bank of Illinois on the protested bills: the above agreement cannot be pleaded in bar of the action.

2. Nor can an agreement, should the drafts be protested, to deliver an amount of the said bills, to cover the damages, be so pleaded.

At law.

Keating & Strong, for plaintiff.
Logan & Harden, for defendant.

OPINION OF THE COURT. This action is brought for the benefit of the Bank of Missouri, and is founded on bills of exchange amounting to the sum of one hundred thousand dollars. The defendant pleaded five pleas.
(1) The general issue.
(2) Payment.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

(3 and 4) That the Bank of Missouri by their agents entered into an agreement with the agents of the Bank of Illinois, that the latter should take up one hundred thousand dollars of its notes, held by the Bank of Missouri, by drawing bills on New York, acceptances being waived, for the above amount, payable in ninety and one hundred and twenty days, &c. The Missouri bank was to deposit the bills of the Illinois bank in the hands of P. Choteau, Jun. & Co. to be held in trust for the purpose of covering the bills so as aforesaid to be drawn. And the agents of the Bank of Illinois deposited with Choteau & Co. ten thousand dollars of its bills, so as to secure the Bank of Missouri in damages in the event of failure to meet said bills so as aforesaid drawn by the cashier of the Bank of Illinois, at Alton, which notes are to be held in trust as provided by the arrangement made between the two banks. The drafts and the one hundred thousand dollars were delivered to Choteau & Co. to be held subject to the ratification of the directors of the Bank of Shawneetown. Should the agreement not be ratified, the one hundred thousand dollars were to be returned to the Bank of Missouri by Choteau & Co., and the ten thousand dollars and the drafts were to be delivered to the Bank of Illinois. The drafts and arrangements were ratified by the Shawneetown bank. Drafts were sent on, and were protested. Suits being brought upon the drafts, the above agreement is pleaded in bar, as showing a failure of consideration.

(5) This plea alleged an agreement different from the above. to wit. that it was agreed that should the bills of exchange be protested, the said Choteau was to deliver as much of the said notes as would cover the damages of protest to the Bank of Missouri, estimating them at their nominal value, &c. There is a reference in this plea also to the written agreement.

The defendants demurred to the 3d, 4th, and 5th pleas.

If the agreement set forth in the third and fourth pleas, should not be ratified by the Bank of Illinois at Shawneetown, the one hundred thousand dollars in notes were to be returned to the Bank of Missouri, and the ten thousand dollars, with the drafts, to the Bank of Illinois. But the agreement was ratified by that bank; consequently the agreement did not require the return of the notes as above stated. The drafts were drawn, and the notes were retained in the hands of Choteau & Co. as collateral. Now if the drawee of the bills had failed to present them for payment and give notice of non payment, recourse against the drawers of the bills would have been lost. And having made the demand and protest, and given notice, the holder of the bills had a right to prosecute the Bank of Illinois as drawers, or might, perhaps, have sued on the notes in the hands of Choteau & Co. Had suits been

brought on these notes, the dishonored bills could not have been set up as a defence to the action. And as the drafts were received in payment, and the notes retained as collateral, there can be no question that the holder could sue, as has been done in this case, on the protested drafts.

The agreement set up in the fifth plea, constitutes no bar to the action. It simply alleges in the event of the protest of the drafts, bills to cover the damages of protest should be delivered by Choteau & Co. to the Bank of Missouri. This is no answer to the action on the protested drafts, and therefore, the plea is demurrable. The demurrers are sustained.

---

STICKNEY (FARMERS' & MECHANICS' BANK v.). See Case No. 4,657.

STICKNEY (FOGG v.). See Case No. 4,898.

STICKNEY (WILT v.). See Case No. 17,854.

---

### STICKS OF.

[NOTE. Cases cited under this title will be found arranged in alphabetical order under the quantity or number of sticks; e. g. "Sticks of Timber. See One Hundred and Twelve Sticks of Timber."]